SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293) crowley@seyfarth.com
Althea Bovell (SBN 200240) abovell@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CANNON, | USDC Case No. _____ |
| Plaintiff, | Superior Court of County of Alameda Case No. RG 07341696 |
| v. | |
| NEW UNITED MOTOR MANUFACTURING, INC., GENERAL MOTORS, TOYOTA MANUFACTURING, AND DOES 1-50 | **DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §1441(b)** |
| Defendants. | (Federal Question Jurisdiction) |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1441(a) and (b), and 1446, Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI" or "Defendant") hereby removes the above-captioned action from the Superior Court of California in and for the County of Alameda to the United States District Court for the Northern District of California. Defendant removed this action based on the following facts and applicable law:

**PLEADING AND PROCEEDINGS TO DATE**

1.      On or about August 21, 2007, an action was commenced in the Superior Court of the State of California, County of Alameda, entitled *David Cannon v. New United Motor Manufacturing, Inc., General Motors, Toyota Manufacturing, and Does 1-50*, Case No. RG 07

1

3416969, by the filing of a Summons and Complaint. Defendant was served with Summons and Complaint on September 24, 2007. All process, pleadings, notices and orders served upon Defendant in this action, including the Summons and Complaint, are attached as *Exhibit A* hereto, and are incorporated by reference as though fully set forth herein.

2.    Defendant's Answer to the Summons and Complaint which was filed in the Superior Court is attached as *Exhibit B* hereto, and incorporated by reference as though fully set forth herein.

## JURISDICTION

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is thus one which Defendant is entitled to remove to this Court pursuant to 28 U.S.C. § 1441, in that it necessarily arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301").

4.    Plaintiff's state court Complaint purports to allege four causes of action: Violation of Government Code Section 12940(a); Violation of the Unfair Business Practices Act; Promises Made Without the Intention to Perform; and Violation of the California Labor Code.

5.    Plaintiff was employed by Defendant NUMMI and his employment at all times was covered by a collective bargaining agreement ("CBA"). The CBA was entered into by NUMMI and Plaintiff's collective bargaining representative, the United Auto Workers of America and Its Affiliated Local Union 2244 (the "Union"), a labor organization within the meaning of 29 U.S.C. Section 185. *See Declaration of Christian J. Rowley, Esq. ("Rowley Decl."), ¶4, Exhibit 1* (authenticating *Exhibit 1*), filed herewith. The CBA was in full force and effect during the time period relevant to the Complaint. *Id.*

6.    Plaintiff's Violation of the Unfair Business Practices Act and Promises Made Without the Intention to Perform claims ("CBA-Related Claims") are central to, inextricably intertwined with, and substantially dependent upon an interpretation of the terms of the CBA. Among other things, Plaintiff alleges that NUMMI made fraudulent or misleading representations concerning Plaintiff's employment and that he was not afforded continued employment and certain benefits pertaining to disability and seniority. (Complaint ¶¶12-16, 26,

2

28-34)  Plaintiff further alleges that his termination, which was conducted in accordance with the CBA, was "wrongful."  (Complaint ¶¶18-20; 31-34)  The CBA establishes the grounds under which employees receive benefits, including seniority, and may be terminated.  *Rowley Decl.*, ¶4, *Exh. 1.*

7.      Plaintiff's CBA-Related Claims address, concern, and pertain directly to rights and obligations which arise from the CBA itself, and therefore cannot be evaluated without considering the provisions of the CBA.  Hence, the claims arise under, and are preempted by, Section 301.  *See, e.g., Allis-Chambers Corp. v. Lueck,* 471 U.S. 202, 213 (1985) (finding that the state law tort claim was "inextricably intertwined" with the terms of the collective bargaining agreement, which may have provided or may have precluded the relief the employee sought); *Levy v. Skywalker Sound,* 108 Cal. App.4th 753, 767 (2003) (holding that employee's tort claims premised on allegation that employer made misrepresentations were based on the collective bargaining agreement, and thus, were preempted); *Stallcop v. Kaiser Foundation Hospitals,* 820 F.2d 1044, 1047-48 (9th Cir. 1987) (holding former employee's wrongful discharge, fraudulent misrepresentation, intentional and negligent infliction of emotional distress, and violations of state equal employment laws were preempted by section 301).  Moreover, Plaintiff's disability discrimination cause of action under the Fair Employment and Housing Act and Violation of Labor Code claims all flow from an allegedly "wrongful" discharge and are preempted if the wrongfulness of the discharge requires, as it does here, interpretation of the CBA.  *Stallcop, supra,* 820 F.2d at 1049; *Andrews v. Louisville & Nashville R.R. Co.,* 406 U.S. 320, 323-324 (1972).

8.      Plaintiff's CBA-Related Claims further allege that Defendant made fraudulent and misleading representations and promises of continued employment, benefits and seniority, presumably separate from the CBA, although his employment at all relevant times was covered by the CBA.  (Complaint ¶¶12-13, 28, 31)  These claims, however, must be interpreted pursuant to the provisions within the CBA, and are therefore, preempted.  *Allis-Chalmers Corp.,* 471 U.S. at 211 (finding that "[S]ection 301 preempts any individual labor contract inconsistent with a

3

1 | collective bargaining agreement in order to assure uniform federal interpretation of the collective
2 | agreement.")

3 |      9.    Because Plaintiff's claims are pleaded in terms of state common law but in fact
4 | are derived from the CBA, the Court must recharacterize them as arising under Section 301.
5 | Plaintiff may not conceal the federal character of his claims by "artfully pleading" them in state
6 | law terms. *See, e.g., Allis-Chalmers Corp.,* 471 U.S. at 210-11. As Plaintiff's claims arise under
7 | federal labor law, which preempts any collateral state law claims based on the same facts, this
8 | Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, and removal is
9 | proper under 28 U.S.C. Sections 1441 and 1446. *Newberry v. Pac. Racing Association,* 854 F.2d
10 | 1142, 1146-47 (9th Cir. 1988); *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857, 861 (9th Cir. 1987).

11 |      10.    Even if this Court determines that as few as one of Plaintiff's claims is preempted
12 | by Section 301, Plaintiff's remaining claims are still within this Court's supplemental
13 | jurisdiction, pursuant to 28 U.S.C. Section 1367(a), as they relate to and emanate from the same
14 | facts and transactions underlying Plaintiff's preempted claim(s), thus forming part of the same
15 | "case or controversy." Accordingly, by virtue of 28 U.S.C. Section 1441, Defendant is entitled
16 | to remove all of Plaintiff's claims to this Court.

17 |      11.    Removing Defendant NUMMI was served on September 24, 2007. NUMMI is
18 | not aware that the other Defendants have been served. Therefore, this removal is timely.

19 | **INTRADISTRICT ASSIGNMENT:**

20 |      12.    Venue properly lies with this Court pursuant to 28 U.S.C. Section 1391 because
21 | the state court action was filed in this District, and this is the judicial district in which the action
22 | arose.

23 |      13.    Defendant, upon filing this Notice of Removal, is also filing a copy of this Notice
24 | of Removal with the Clerk of the Superior Court of the County of Alameda to effect this removal
25 | in accordance with 28 U.S.C. Section 1446(d).

26 | ///
27 | ///
28 | ///

4

1        THEREFORE, Defendant gives notice that the above action, which was pending in the

2 Superior Court of California, County of Alameda, is hereby removed to the United States District

3 Court for the Northern District of California.

4

5 DATED: October ___23___, 2007

                               SEYFARTH SHAW LLP

6

7

8                                      By_____

                                        Christian J. Rowley

9                                         Althea V. Bovell

                              Attorneys for Defendant

10                               NEW UNITED MOTOR

                              MANUFACTURING, INC.

11 SF 28304672.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. NUMMI's Notice of Removal to Federal Court

# EXHIBIT A

|||
|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)** | *5866914*     **SUM-100** |

||
|---|
| (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
New United Motor Manufacturing, Inc.,
General Motors, Toyota Manufacturing, and
Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:** ·
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
David Cannon

**F I L E D**
ALAMEDA COUNTY

AUG 2 1 2007

CLERK OF THE SUPERIOR COURT
By _Kml Ohrlin_
                          Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>**Superior Court of California**<br>René C. Davidson Courthouse<br>**1221 Fallon Street**<br>Oakland, CA 94112 | CASE NUMBER:<br>*(Número del Caso):*   RG **07341696** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**H. Nelson Meeks**            **Law Offices of H. Nelson Meeks**
**870 Market Street, Suite 975**       San Francisco, CA 94102
(415) 989-9915

| DATE:<br>*(Fecha)*   AUG 2 1 2007 | PAT S. SWEETEN | Clerk, by<br>*(Secretario)*   _Kml Deri_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>Martin Dean's Essential Forms ™ | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

Cannon, David

*5866918*

1   H. Nelson Meeks CBN #175800
2   LAW OFFICES OF H. NELSON MEEKS
    870 Market Street, Suite 975
3   San Francisco, CA 94102
    (415) 989-9915
4   (415) 989-9914 (FAX)

5   Attorney for Plaintiff
    **DAVID CANNON**

**F I L E D**
ALAMEDA COUNTY

AUG 2 1 2007

CLERK OF THE SUPERIOR COURT
By _____
                            Deputy

6
              SUPERIOR COURT OF CALIFORNIA
7             IN AND FOR THE COUNTY OF ALAMEDA
                  UNLIMITED JURISDICTION
8

9   DAVID CANNON,                    CASE NO: RG **0 7 - 3 4 1 6 9 6**

10              Plaintiff            **FAILURE TO ACCOMMODATE PHYSICAL OR**
                                     **MENTAL DISABILITY OR MEDICAL CONDITION**
11  v.                                  1. **Gov. Code §12940(a)**
                                        2. **Bus. Prof. Code §17200**
12  NEW UNITED MOTOR                    3. **Fraud – Promise Made Without the**
    MANUFACTURING, INC., GENERAL           **Intent to Perform**
13  MOTORS, TOYOTA                      4. **Violation of the California Labor Code**
    MANUFACTURING, AND
14  DOES 1-50
15

16

17  PLAINTIFF ALLEGES:

18           **FACTS APPLICABLE TO ALL CAUSES OF ACTION**

19      1.    DEFENDANT, NEW UNITED MOTOR MANUFACTURING, INC.

20  [HEREINAFTER, "NUMMI"], is and all times herein mentioned is a corporation having as its

    primary headquarters located in Alameda County, California.
21
        2.    DEFENDANT, TOYOTA MANUFACTURING, is a co-owner of NUMMI.
22

23      3.    DEFENDANT, GENERAL MOTORS, is a co-owner of NUMMI.

24      4.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein

25  as DOES 1-50, inclusive, and therefore sues these defendant by such fictitious names.  Plaintiff

26  will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff

27  is informed and believes and thereon alleges that each of the fictitiously named defendants is

28

_(left margin, vertical text)_ Law Offices of H. Nelson Meeks   870 Market Street, Suite 975   San Francisco, CA 94102

- 1 -

*Cannon v. NUMMI*              COMPLAINT FOR DAMAGES

responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

5.    Defendants, Does 1-25, at all times herein mentioned were the agents and employees of their codefendants and in doing the things hereinafter alleged were acting within the course and scope of such agency and the permission and consent of their codefendants.

6.    Venue is proper under Gov. Code §12965(b) in that the unlawful practice(s) complained of herein occurred in Alameda County, State of California.

7.    On or around January 17, 2000, Plaintiff suffered a disabling injury to his back.

8.    Plaintiff is a disabled person thereby falling with the scope of persons protected by the FEHA.

9.    Plaintiff has a back injury consisting of a small disc protrusion in the midline and to the left of the midline causing mild to moderate impingement on the thecal sac. He suffers from displacement of the S1 nerve root on the left at L5-S1.

10.    According to a decision made by the Social Security Administration on February 19, 2005, Plaintiff was "disabled" within the meaning of the Social Security Act beginning May 3, 2000 and continuing through the date if its decision.

11.    According to said decision, Plaintiff was limited to a work function wherein he had the capacity to lift and carry 10 pounds frequently and 20 pounds occasionally, and to sit, stand, and walk for 6 hours in an 8-hour workday. Said limitations indicated Plaintiff had the ability to perform "light" work as defined by the regulations of the Social Security Act. The Social Security Administration also found that the Plaintiff was precluded from performing any repetitive bending, stooping, pushing, or pulling, and he must alternate sitting and standing at will. The Social Security Administration also found that Plaintiff was precluded from performing his past relevant work.

12.    Plaintiff is informed and believes and alleges thereon that for many years defendants had a practice of refraining from terminating disabled employees any sooner than after that employee's length of seniority passed following the date of the disability. As applied

Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94102

- 2 -

1    to plaintiff, he alleges that he became disabled in or around 2000. Plaintiff alleges that his

2    seniority was over 14 years as of the date of his disability.  He therefore alleges that defendants

3    led him to believe it would not and could not terminate his employment any sooner than

4    sometime in or around 2014.

5        13.    Plaintiff is informed and believes and alleges thereon that for many years

6    defendants had a practice of paying employees who became disabled after the age of 50 who

7    had more than 10 years of service full benefits until the age of 65.  Plaintiff was aware of this

8    practice and believed it applied to him.  Plaintiff alleges that his disability commenced after he

9    was 50 years old.  Plaintiff alleges that he had more than 10 years of service at the time of his

10   disability.

11       14.    Plaintiff is informed and believes and alleges thereon that for many years

12   defendants' practice towards ex-employees was to provide one month of medical insurance

13   after the date of separation.  In Plaintiff's case, Defendants' terminated his insurance the day

14   after terminating him.

15       15.    Plaintiff is informed and believes and alleges thereon that Defendants did not

16   credit him 208 hours of vacation and personal absence allowance time he was entitled to on the

17   date it terminated him.  On one day it was there and the next day it disappeared.  Exhibit A.

18       16.    Plaintiff informed defendants of his disability and asked that it do for him what it

19   had done for others that preceded him.  Defendants' refused.

20       17.    Defendants were aware of plaintiff's condition as described above.

21                           **FIRST CAUSE OF ACTION**
22                    **VIOLATION OF GOV. CODE §12940(a)**

23       18.    Defendant's discriminatory action(s) against plaintiff, as alleged

24   above, constituted unlawful discrimination in employment on account of plaintiff's disability

25   in violation of Government Code Section 12940(a).

26       19.    As a proximate result of defendant's discriminatory action(s) against plaintiff, as

27   alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages,

28

Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94102

*Cannon v. NUMMI*                COMPLAINT FOR DAMAGES

Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94102

1   salary, benefits, and additional amounts of money plaintiff would have received if defendant

2   NUMMI, et. al had made an accommodation whereby plaintiff had been allowed to work. As a

3   result of such discrimination and consequent harm, plaintiff has suffered such damages in the

4   amount of an amount according to proof.

5        20.    As a further proximate result of defendant's discriminatory action(s) against

6   plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the intangible

7   loss of such employment-related opportunities including the loss of accrual of retirement

8   benefits, medical benefits and a position that would accommodate a person having plaintiff's

9   disability. As a result of such discrimination and consequent harm, plaintiff has suffered such

10  damages in an amount according to proof.

11       21.    The above-recited actions of defendant were done with malice, fraud, or

12  oppression, and in reckless disregard of the plaintiff's rights under FEHA.  Specifically,

13  NUMMI was aware of plaintiff's disability and found by the Social Security Administration

14  and thereafter terminated plaintiff without providing him an accommodation that would allow

15  him to work despite his disability.  Such malice, fraud and oppression justifies an award of

16  punitive damages pursuant to Civ. Code §3294.

17       22.    No adequate remedy exists at law for the injuries suffered by plaintiff herein,

18  insofar as the employment opportunity and employee benefits that defendant has denied to

19  plaintiff cannot be secured absent injunctive relief.  If this court does not grant injunctive relief

20  of the type and for the purpose specified below, plaintiff will suffer irreparable injury.

21       23.    Therefore, plaintiff requests the following injunctive relief: that NUMMI (1)

22  reinstate plaintiff's status as an employee retro-active to the date of termination, (2) reinstate

23  all retirement benefits accruing to plaintiff since the date of termination, (3) reinstate all

24  medical benefits accruing to plaintiff since the date of termination, and (4) provide plaintiff

25  with an accommodation appropriate for his disability.

26       24.    On December 16, 2005, and within one year of the date of the discrimination

27  committed by defendant, plaintiff filed a charge of discrimination with the California

28

- 4 -

*Cannon v. NUMMI*                COMPLAINT FOR DAMAGES

Department of Fair Employment and Housing (DFEH). A copy of this charge is appended
hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

25.    On August 23, 2006, the DFEH issued to plaintiff a notice of right to bring a civil
action based on the charge that is "Exhibit C" to this complaint. A copy of this notice of right
of action is appended hereto, marked "Exhibit C," and is incorporated by this reference as
though fully set forth.

26.    As alleged above, defendants by word and action represented that it would
provide certain benefits to employees having 10 years of service who were over 50 years old
and who became disabled. When defendant made these representations, it knew them to be
false and made these representations with the intention to induce its employees to believe they
would be protected against financial calamity should they become disabled. Said inducement
was made to attract skilled employees and to act in reliance on these representations in the
manner herein alleged, or with the expectation that plaintiff would so act.

27.    The aforementioned conduct of defendants was an intentional misrepresentation,
deceit, or concealment of a material fact known to the defendants with the intention on the part
of the defendants of thereby depriving plaintiff of property or legal rights or otherwise causing
injury, hardship in conscious disregard of plaintiff's rights, so as to justify an award of
exemplary and punitive damages.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT

28.    When defendants made the representations mentioned above, it had no reasonable
ground for believing them to be true in that it did not intend to continue benefits. Plaintiff
alleges the inaccurate information manifest by defendants' conduct as described in paragraphs
12-16 above was fraudulent and/or misleading as defined in the Unfair Business Practices Act.

29.    Defendants made these representations with the intention of inducing plaintiff to
act in reliance on these representations in the manner alleged in the paragraphs above, or with
the expectation that plaintiff would so act.

*Cannon v. NUMMI*                    COMPLAINT FOR DAMAGES

Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94102

30.     Defendants also made these representations with the intention of inducing all of their employees to act in reliance on these representations in the manner alleged in the above paragraphs, or with the expectation that they would so act.

## THIRD CAUSE OF ACTION
## PROMISE MADE WITHOUT THE INTENTION TO PERFORM

31.     Defendants promised plaintiff that it would not terminate his employment on account of a disability any sooner than after that employee's length of seniority passed following the date of the disability.

32.     At the time defendants made the promise to plaintiff, defendant had no intention of performing it.

33.     The promise was made by defendants with the intent to induce plaintiff to continue to work for defendants at the wage it then paid.

34.     Plaintiff, at the time this promise was made and at the time plaintiff took the actions herein alleged, was ignorant of defendant's secret intention not to perform and he could not have known defendants would not honor what the routinely did for other employees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA LABOR CODE

35.     As alleged above, defendants failed to pay plaintiff for the vacation time and other benefits he earned.

WHEREFORE, plaintiff prays judgment as follows:

1.  For general damages according to proof;

2.  For injunctive relief ordering defendants to reinstate plaintiff's status as an employee thereby effectuating retro-active accrual of medical, retirement and other benefits flowing from his increased time of service;

3.  Compensation for violation of the California Labor Code including attorney fee, penalties and interest;

4.  For exemplary and punitive damages;

- 6 -

*Cannon v. NUMMI*                COMPLAINT FOR DAMAGES

Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94102

5. For preliminary and permanent injunctive relief as specified in Paragraph 23, above;

6. For reasonable attorney's fees pursuant to Government Code Section 12965(b);

7. For costs of suit herein incurred; and

8. For such other and further relief as the court may deem proper.

Dated:  August 20, 2007

Respectfully submitted,

H. Nelson Meeks, Esq.
Attorney for DAVID CANNON

Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94102

- 7 -

*Cannon v. NUMMI*                    COMPLAINT FOR DAMAGES

**EXHIBIT** 

HILLS COPY AND MAIL

PAGE  02

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

ARNOLD SCHWARZENEGGER, Governor

1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



August 23, 2006

DAVID E CANNON
6207 Majestic Ave
Oakland, CA 94605

RE:    E200506M0872-00-pe/37AA608165
       CANNON/NEW UNITED MOTOR MANUFACTURING, INC

Dear DAVID E CANNON:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective August 23, 2006.  Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54.  The civil action must be filed within one year from the date of this letter.  However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.  If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two


This case may be referred to the U.S. Equal Employment Opportunity Commission
(EEOC) for further review.  If so, pursuant to Government Code section 12965,
subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review
of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the
case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:.    Case File


Julie Collins Nelsson
Attorney
New Unite Motors
45500 Fremont Bl
Fremont, CA  94538

Exhibit B

# ˆ ˆ * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200506M0872-00-pe

EEOC # 37AA608165

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
**CANNON, DAVID E.**

ADDRESS
**6207 Majestic Ave**

TELEPHONE NUMBER (INCLUDE AREA CODE)
**(510) 569-3637**

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| Oakland | CA | 94605 | Alameda | 001 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
**NEW UNITED MOTOR MANUFACTURING, INC**

ADDRESS
**45500 Fremont Bl**

TELEPHONE NUMBER (INCLUDE AREA CODE)
**(510) 498-5500**

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|------|-------|-----|--------|-------------|
| Fremont | CA | 94538 | Alameda | 001 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☐ OTHER (SPECIFY)

NO. OF EMPLOYEES/MEMBERS
CODE   6000

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) October 1, 2005

RESPONDENT
73

THE PARTICULARS ARE:

I.   In or about October, 2005, I was notified that I was terminated. On October 28, 1986, I was hired as a Team Leader. At the time of the termination, I was earning $21.00 per hour.

II.  No reason was given for the termination.

III. I believe I was terminated on the basis of my disability (back). My belief is based on the following:

A.  In or about September, 2005, I received notification that my extended leave of absence for my disability will expire on October 11, 2005.

B.  In or about September, 2005, I informed my employer that I was released to return to work with restrictions of no bending and no twisting. Therefore, I requested a reasonable accommodation.

C.  In or about October, 2005, I was notified that I will be terminated effective, November 11, 2005.

TYPED AND MAILED December 7, 2005

☐ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  12-15-05

At  Oakland
City

*David E. Cannon*
COMPLAINANT'S SIGNATURE

DFEH-300-01 (12/99)        O:TS:ss
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

**RECEIVED**
DEC 16 2005
STATE OF CALIFORNIA
Department of Fair
Employment and Housing

# EXHIBIT B

1 | SEYFARTH SHAW LLP
Christian J. Rowley (State Bar No. 187293)
2 | Althea Bovell (State Bar No. 200240)
560 Mission Street, Suite 3100
3 | San Francisco, California 94105
Telephone: (415) 397-2823
4 | Facsimile: (415) 397-8549

5 | Attorneys for Defendant
NEW UNITED MOTOR MANUFACTURING, INC.
6

**ENDORSED**
**FILED**
ALAMEDA COUNTY

OCT 2 2 2007

CLERK OF THE SUPERIOR COURT
By _____

7

8                        SUPERIOR COURT OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10 | DAVID CANNON,                          )    Case No. RG 07 341696
                                           )
11 |              Plaintiff,               )    **DEFENDANT NEW UNITED MOTOR**
                                           )    **MANUFACTURING, INC.'S, ANSWER**
12 |      v.                               )    **TO PLAINTIFF'S UNVERIFIED**
                                           )    **COMPLAINT FOR DAMAGES**
13 | NEW UNITED MOTOR MANUFACTURING,        )
    INC., GENERAL MOTORS, TOYOTA           )    **BY FAX**
14 | MANUFACTURING, AND DOES 1-50           )
                                           )
15 |              Defendant.               )
                                           )
16 |_____)

17          Defendant NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI" or

18 | "Defendant") answers Plaintiff DAVID CANNON's ("Plaintiff") unverified Complaint as

19 | follows.

20                                  **ANSWER**

21          Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies

22 | generally each and every allegation of the Complaint, and specifically denies that Plaintiff has

23 | been, or will be, injured or damaged in the sums alleged, or in any amount, or at all, by

24 | Defendant.

25                       **SEPARATE ADDITIONAL DEFENSES**

26          In further answer to Plaintiff's Complaint, Defendant alleges the following additional

27 | defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to

28 | matters that, pursuant to law, are Plaintiff's burden to prove.

                                        1

## FIRST DEFENSE

### (Failure to State a Cause of Action – All Causes of action )

The Complaint and each purported cause of action attempted to be stated therein fails to state facts sufficient to constitute a cause of action.

## SECOND DEFENSE

### (Statute of Limitations - All Causes of Action)

Plaintiff's claims are barred by the applicable statute(s) of limitations including, but not limited to, California Government Code §§ 12940 and 12960 et seq., Business and Professions Code § 17208, and Labor Management Relations Act, 29 U.S.C. § 160(b).

## THIRD DEFENSE

### (Good-Faith - All Causes of Action)

Any statement or actions alleged by Plaintiff to have been made or done by Defendant, and upon which his causes of action are premised, and if made or done, were made or done after investigation and on the basis of reasonable grounds for belief in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and without malice.

## FOURTH DEFENSE

### (Legitimate Nondiscriminatory Factors - All Causes of Action)

Plaintiff is not entitled to the relief requested because any adverse employment action(s) taken against him were based on legitimate, nondiscriminatory, and non-retaliatory factors unrelated to Plaintiff's purported disabilities or participation in any alleged protected activity and free from unlawful discrimination of any kind.

## FIFTH DEFENSE

### (Business Judgment - All Causes of Action)

Plaintiff's purported claims are barred in whole or in part because the alleged unlawful business practice of which Plaintiff complains was a reasonable exercise of business judgment not forbidden by law.

## SIXTH DEFENSE

### (Estoppel – All Causes of Action)

Plaintiff is equitably estopped from asserting the claims alleged in his Complaint because Plaintiff has, by his own conduct, intentionally induced and caused the alleged conduct of which he now complains.

## SEVENTH DEFENSE

### (Waiver – First – Third Cause of Action)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## EIGHTH DEFENSE

### (Consent and Ratification - First – Third Cause of Action)

Plaintiff's claims are barred because any conduct by Defendant was ratified or consented to by Plaintiff.

## NINTH DEFENSE

### (After-Acquired Evidence – All Causes of Action)

Plaintiff's purported claims are barred to the extent that he engaged in any fraud or misconduct which, if known, would have caused Plaintiff to be terminated, suspended, or would have caused NUMMI not to hire him.

## TENTH DEFENSE

### (Failure to Take Advantage of Preventative or Corrective Opportunities – First & Third Causes of Action)

Plaintiff's claims are barred in whole or in part because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## ELEVENTH DEFENSE

### (Failure to Mitigate – First – Third Cause of Action)

Plaintiff is not entitled to back pay and/or other damages, to the extent that he has failed to seek and obtain other employment and otherwise failed to mitigate his alleged loss of wages or other damages.

## TWELFTH DEFENSE

### (Failure to Exhaust Contractual Grievance Procedure – First & Third Causes of Action)

Each of the purported claims set forth in Plaintiff's Complaint is barred by Plaintiff's failure to exhaust the grievance and arbitration procedure of his collective bargaining agreement.

## THIRTEENTH DEFENSE

### (Federal Labor Law Preemption – Second & Third Causes of Action)

Each of the purported claims set forth in Plaintiff's Complaint is barred and preempted by 29 U.S.C. § 185, et seq. as his claims require interpretation of the collective bargaining agreement.

## FOURTEENTH DEFENSE

### (Failure to State Cause of Action for Attorney Fees – All Causes of Action)

Plaintiff's Complaint, and each purported causes of action therein, fails to state facts sufficient to constitute a cause of action for attorneys' fees against Defendant.

## FIFTEENTH DEFENSE

### (Failure to File Timely Administrative Charge – First Cause of Action)

To the extent that Plaintiff seeks relief for alleged unlawful conduct occurring more than the prescribed days within which he is required to file a charge with the appropriate state or federal administrative body, such claims are barred.

## SIXTEENTH DEFENSE

### (Scope of Administrative Charge – First Cause of Action)

Defendant is informed and believes and thereon alleges that the Court lacks subject matter jurisdiction over all claims and allegations in the Complaint that are not contained in Plaintiff's charges of discrimination filed with the California Department of Fair Employment and Housing.

## SEVENTEENTH DEFENSE

### (Reasonable Accommodation – First –& Third Causes of Action)

Defendant fulfilled whatever obligations it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business needs and necessities.

4

## EIGHTEENTH DEFENSE

### (Inability to Perform Essential Duties – First & Third Causes of Action)

Any recovery is barred because Plaintiff was unable to carry out the essential duties of his employment, with or without reasonable accommodation.

## NINETEENTH DEFENSE

### (Danger to Health or Safety – First & Third Causes of Action)

Plaintiff's claims are barred to the extent that he could not perform the essential duties of his job, even with reasonable accommodation, in a manner that would not endanger the health or safety of Plaintiff and/or others.

## TWENTIETH DEFENSE

### (Undue Hardship – First & Third Causes of Action)

Plaintiff's claims are barred to the extent that the accommodation Plaintiff demanded would have caused NUMMI undue hardship, or to act inconsistent with the seniority provision of the collective bargaining agreement.

## TWENTY-FIRST DEFENSE

### (Set-Off – First Cause of Action )

Defendant is entitled to a set-off of any benefits Plaintiff receives or has received from workers' compensation, unemployment compensation, and from any benefit plans of NUMMI or others, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiff in this action.

## TWENTY-SECOND DEFENSE

### (Unclean Hands – All Causes of Action)

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-THIRD DEFENSE

### (Mootness of Injunctive Relief – All Causes of Action)

Plaintiff's purported prayer for injunctive relief is moot because the alleged unlawful business practice of which Plaintiff complains never occurred, and/or has been discontinued and is not likely to recur.

**TWENTY-FOURTH DEFENSE**

**(Workers' Compensation Exclusivity – All Causes of Action)**

To the extent Plaintiff claims physical or emotional injuries allegedly suffered during or as a result of his employment, such claims are barred in whole or in part because Plaintiff's sole and exclusive remedies, if any, lie under the California Workers' Compensation Act (Labor Code § 3601-02).

**TWENTY-FIFTH DEFENSE**

**(Failure to State Claim for Punitive Damages – All Causes of Action)**

Some or all of Plaintiff's causes of action fail to state facts sufficient to constitute a claim for punitive damages against Defendant.

**TWENTY-SIXTH DEFENSE**

**(Unconstitutionality of Punitive Damages – All Causes of Action)**

Plaintiff's causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

**TWENTY-SEVENTH DEFENSE**

**(No Penalty – Fourth Cause of Action)**

Plaintiff is not entitled to any penalty award under the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

**TWENTY-EIGHTH DEFENSE**

**(Good Faith Dispute – Fourth Cause of Action)**

Plaintiff's claims are barred in whole or in part because a good faith dispute exists regarding whether wages and/or benefits are due.

///

///

///

1    **TWENTY-NINTH DEFENSE**

2    **(Adequate Remedies at Law – All Causes of Action)**

3    Plaintiff's request for injunctive and other equitable relief fails because Plaintiff has

4    adequate remedies at law.

5    **THIRTIETH DEFENSE**

6    **(Privilege or Justification -- All Causes of Action)**

7    Each of Plaintiff's purported causes of action is barred because any actions and/or

8    omissions attributable to Defendant were at all times privileged or justified.

9    **ADDITIONAL DEFENSES**

10    Defendant presently has insufficient knowledge or information upon which to form a

11    belief whether there may be additional, as yet unstated, defenses and reserves the right to assert

12    additional defenses in the event that discovery indicates that such defenses are appropriate.

13    **DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES**

14    Plaintiff knew or should have known that his claims are without any reasonable basis in

15    law or equity and cannot be supported by good faith argument for extension, modification or

16    reversal of existing law.  As a result of Plaintiff's filing of this Complaint, Defendant has been

17    required to obtain the services of the undersigned attorneys, and has incurred and will continue to

18    incur substantial costs and attorneys' fees in defense of this meritless case, and Defendant is

19    therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and

20    through this action.

21    WHEREFORE, Defendant  prays for judgment as follows:

22    1.    That Plaintiff take nothing by his Complaint;

23    2.    That the Complaint be dismissed in its entirety, with prejudice;

24    3.    That Defendant be awarded reasonable attorneys' fees, expenses, and costs of suit

25    in an amount to be determined by the Court;

26    ///

27

28

7

1     4.     That Defendant be awarded interest and all sums provided by law; and

2     5.     Such other and further relief as the Court deems proper.

3     DATED: October 22, 2007     SEYFARTH SHAW LLP

4

5     By _____

6                 Christian J. Rowley
                     Althea V. Bovell

7               Attorneys for Defendant
               NEW UNITED MOTOR MANUFACTURING, INC.

SFI 28304914.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. NUMMI's Answer to Unverified Complaint/Case No. RG 07 341696

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On October 22, 2007, I served the within document:

**DEFENDANT NEW UNITED MOTOR MANUFACTURING, INC.'S, ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

☐    I sent such document from facsimile machine (415) 397-8549 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

H. Nelson Meeks
Law Offices of H. Nelson Meeks
870 Market Street, Suite 975
San Francisco, CA 94012
(415) 898-9915
(415) 989-9914 (facsimile)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 22, 2007, at San Francisco, California.

_____
Nancy J. Davilla

SF1 28304674.1

Proof of Service; Case No. RG 07 341696