UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| DAVID CANNON,                | ) | No. C07-5400 VRW (BZ)        |
|        Plaintiff(s),         | ) | **ORDER SCHEDULING**         |
|                              | ) | **SETTLEMENT CONFERENCE**    |
|      v.                      | ) |                              |
| NEW UNITED MOTOR             | ) |                              |
| MANUFACTURING, INC.,         | ) |                              |
|        Defendant(s).         | ) |                              |

The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **Tuesday, March 24, 2009, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement

conference.  Counsel shall cooperate in providing discovery
informally and expeditiously.

Lead trial counsel shall appear at the Settlement
Conference with the parties.  Any party who is not a natural
person shall be represented by the person or persons **not
directly involved** in the events which gave rise to the
litigation but with **full** authority to negotiate a settlement.  A
person who needs to call another person not present before
accepting, rejecting or making any settlement offer does not
have full authority.  If a party is a governmental entity, its
governing body shall designate one of its members or a senior
executive to appear at the Settlement Conference with authority
to participate in the Settlement Conference and, if a tentative
settlement agreement is reached, to recommend the agreement to
the governmental entity for its approval.  An insured party
shall appear with a representative of the carrier with full
authority to negotiate up to the limits of coverage.  The Court
shall be notified immediately if the carrier declines to attend.
Personal attendance of a party representative will rarely be
excused by the Court, and then only upon separate written
application demonstrating substantial hardship served on
opposing counsel and lodged as early as the basis for the
hardship is known.

Each party shall prepare a Settlement Conference Statement,
which must be served on opposing counsel and lodged (not faxed)
with my chambers no later than seven calendar days prior to the
conference.  The Statement shall **not** be filed with the Clerk of
the Court.  The Statement **may** be submitted on CD-ROM with

1    hypertext links to exhibits.  Otherwise, the portion of exhibits

2    on which the party relies **shall** be highlighted.  The Settlement

3    Conference Statement shall not exceed ten pages of text and

4    twenty pages of exhibits and shall include the following:

5         1.   A brief statement of the facts of the case.

6         2.   A brief statement of the claims and defenses

7    including, but not limited to, statutory or other grounds upon

8    which the claims are founded.

9         3.   A summary of the proceedings to date and any pending

10   motions.

11        4.   An estimate of the cost and time to be expended for

12   further discovery, pretrial and trial.

13        5.   For any party seeking relief, a description of the

14   relief sought, including an itemization of damages.

15        6.   The parties' position on settlement, including present

16   demands and offers and a history of past settlement discussions.

17   The Court's time can best be used to assist the parties in

18   completing their negotiations, not in starting them.

19   Accordingly, plaintiff must serve a demand in writing no later

20   than fourteen days before the conference and defendant must

21   respond in writing no later than eight days before the

22   conference.  If plaintiff seeks attorney's fees and costs,

23   plaintiff's counsel shall either include the fee claim in the

24   demand or make a separate, simultaneous demand for fees and

25   costs.  Counsel shall be prepared at the conference to provide

26   sufficient information to defendant to enable the fee claim to

27   be evaluated for purposes of settlement.  The parties are urged

28   to carefully evaluate their case before taking a settlement

3

1   position since extreme positions hinder the settlement process.

2       Along with the Statement each party shall lodge with the

3   court a document of no more than three pages containing a **candid**

4   evaluation of the parties' likelihood of prevailing on the

5   claims and defenses, and any other information that party wishes

6   not to share with opposing counsel.  The more candid the parties

7   are, the more productive the conference will be.  This document

8   shall not be served on opposing counsel.

9       It is not unusual for conferences to last three or more

10  hours.  Parties are encouraged to participate and frankly

11  discuss their case.  Statements they make during the conference

12  will not be admissible at trial in the event the case does not

13  settle.  The parties should be prepared to discuss such issues

14  as:

15      1. Their settlement objectives.

16      2. Any impediments to settlement they perceive.

17      3. Whether they have enough information to discuss

18  settlement.  If not, what additional information is needed.

19      4. The possibility of a creative resolution of the dispute.

20      The parties shall notify Magistrate Judge Zimmerman's

21  chambers immediately if this case settles prior to the date set

22  for settlement conference.  Counsel shall provide a copy of this

23  order to each party who will participate in the conference.

24  Dated: March 5, 2009

25

26  _____
                Bernard Zimmerman
         United States Magistrate Judge

27

28